UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MORY CAMARA, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                                        **COMPLAINT**

                Plaintiff,                    **Docket No.:**

         -against-                   Jury Trial Demanded

A&P PARKING CORP., and MUHAMMAD ARIF,
individually, and PIRZADA UDDIN, individually,

              Defendants.
------------------------------------------------------------------X

      Plaintiff, MORY CAMARA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against A&P PARKING CORP. ("A&P"), and MUHAMMAD ARIF, individually, and PIRZADA UDDIN, individually, (all, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

      1.    This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees

1

with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a corporation that operates several parking garages in the City of New York, as well as its two highest executives and Plaintiff's direct supervisors - - as a parking attendant from March 15, 2015 through February 19, 2017.  As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, the Defendants required Plaintiff to routinely work more than forty hours per workweek, but intentionally failed to compensate him at the statutorily-required overtime rate for each hour that he worked per week in excess of forty.

3.      Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday, or with an accurate wage notice at the time of hire, as the NYLL requires.

4.      Defendants paid and treated all of their non-managerial parking attendants in this same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a

2

result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10.     At all relevant times herein, Defendant A&P was and is a New York corporation with its principal place of business located at 1824 Park Avenue, New York, New York 10035.

11.     At all relevant times herein, Defendant Arif was and is the Chief Executive Officer of Defendant A&P, while Defendant Uddin was and is A&P's Vice President.  In their respective capacities, Defendants Arif and Uddin personally managed and oversaw the day-to-day operations of A&P, and were ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked.  Furthermore, Defendants Arif and Uddin had the power to hire and fire and approve all personnel decisions with respect to Defendant A&P's employees, and Defendant Arif did in fact hire and fire Plaintiff.  Defendants Arif and Uddin also directly supervised all of Defendants' employees, including Plaintiff.

12.     At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, Defendant A&P's qualifying annual business exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they operate a business that provides parking for automobiles arriving from other states that have traveled across state lines and/or accept payments in cash that naturally moved across state lines and credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as parking attendants, or in a similar role, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

18.     Under FRCP 23(b)(3), Plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

    b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.   Claims or defenses of the representative are typical of the class;

    d.   The representative will fairly and adequately protect the class; and

    e.   A class action is superior to other methods of adjudication.

19.     Plaintiff seeks certification of the following FRCP 23 class:

    Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants as parking attendants, or in a similar role, and who: (1) did not receive compensation at the legally-required overtime wage rate of pay for each hour worked per week over forty; and/or (2) were not provided with accurate wage statements on each payday

pursuant to NYLL § 195(3); and/or (3) were not provided with an accurate wage notice at the time of hire pursuant to NYLL § 195(1).

## Numerosity

20.     During the previous six years, the Defendants have, in total, employed at least forty employees that are putative members of this class.

## Common Questions of Law and/or Fact

21.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (6) whether the Defendants furnished Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (7) whether the Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (8) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

22.     As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial employees, and Defendants did not: pay them overtime pay for all hours worked in a week over forty; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

23.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.   Defendants did not pay Plaintiff overtime for all hours worked over forty in a week, and did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised

in this Complaint and that will be raised in Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

Superiority

24.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by any non-managerial employee of the Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

26.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

28.     Defendants own and operate parking garages in multiple locations throughout the City of New York, including: 126 Park Avenue, New York, New York 10017; 127 Park Avenue, New York, New York 10017; 525 Clinton Avenue, Brooklyn, New York 11238; and 339 Greene Avenue, Brooklyn, New York 11238.  Defendants' parking garages serve both clients that pay monthly fees for permanent parking spaces, and customers that pay hourly or daily fees for temporary parking spaces.

29.    Defendants Arif and Uddin own and operate each garage on behalf of the corporate Defendant, and each garage employs the same policies with respect to employee pay and hours of work.

30.    In or around March 2015, Defendants Arif and Uddin, on behalf of Defendant A&P, hired Plaintiff to work for Defendants as a parking attendant.  Plaintiff commenced his employment with Defendants in that role at that time.

31.    As a parking attendant, Plaintiff's main duties consisted of parking automobiles, and cleaning the interior/exterior premises in Defendants' various parking garages located within the City of New York, including the four previously mentioned locations.

32.    From March 2015 through October 2015, Defendants required Plaintiff to work six days per week, starting his workday at approximately 7:00 a.m. and ending at approximately 7:00 p.m., while rarely providing him with an uninterrupted break during each workday.  Thus, by approximation, for this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, seventy-two hours per week.

33.    For the entirety of that period from March 2015 through October 2015, Defendants paid Plaintiff a flat weekly salary of $450.00, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $11.25 per hour.

34.    From November 2015 through December 2015, Defendants required Plaintiff to work five days per week, starting his workday at approximately 7:00 a.m. and ending at approximately 7:00 p.m., while rarely providing him with an uninterrupted break during each workday.  Thus, by approximation, for this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, sixty hours per week.

35.    For the entirety of that period from November 2015 through December 2015, Defendants paid Plaintiff a flat weekly salary of $400.00 per week, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $10.00.

36.    After working less than forty hours per week for a brief period from January 2016 through February 2016, from March 2016 through January 2017, Defendants required Plaintiff to work five days per week, starting his workday at approximately 7:00 a.m. and ending at approximately 7:00 p.m., while rarely providing him with an uninterrupted break during each workday.  Thus, by approximation, for this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, sixty hours per week.

37.    For the entirety of that period from March 2016 through January 2017, Defendants paid Plaintiff a flat weekly salary of $450.00 per week, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $11.25.

38.    From February 1, 2017, up until Defendants terminated Plaintiff on February 19, 2017, Defendants required Plaintiff to work either five or seven days per week, starting his workday at approximately 7:00 a.m. and ending at approximately 7:00 p.m., while rarely providing him with an uninterrupted break during his shift.  Thus, by approximation, for this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, between sixty and eighty-four hours per week.

39.    For the entirety of that period from February 1, 2017 through February 19, 2017, Defendants paid Plaintiff a flat weekly salary of $630.00 per week, which was intended to cover

only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $15.75.

40.     By way of example only, during the week of January 3, through January 9, 2016, Defendants required Plaintiff to work, and Plaintiff did work, five days, from 7:00 a.m. until 7:00 p.m., for a total of sixty hours that week.  During that week, Defendants failed to pay Plaintiff at any rate for the hours that he worked in excess of forty.

41.     As a second example, during the week of February 5 through February 11, 2017, Defendants required Plaintiff to work, and Plaintiff did work, seven days, from 7:00 a.m. until 7:00 p.m., for a total of eighty-four hours that week.  During that week, Defendants failed to pay Plaintiff at any rate for the hours that he worked in excess of forty.

42.     Defendants paid Plaintiff in cash on a weekly basis.

43.     On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or an accurate listing of his hours worked to be paid at the overtime or straight-time rate of pay.

44.     Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

45.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46.     Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

47.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

48.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

50.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

52.     Defendants willfully violated the FLSA.

53.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

57.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

58.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

63.     As described above, the Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

64.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

65.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

66.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

68.     As described above, the Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

69.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

70.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the

amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.      Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        March 24, 2017

                            Respectfully submitted,
                            BORRELLI & ASSOCIATES, P.L.L.C.
                            *Attorneys for Plaintiff*
                            655 Third Avenue, Suite 1821
                            New York, New York 10017
                            Tel. (212) 679-5000
                            Fax. (212) 679-5005


        By:     _____
                JEFFREY R. MAGUIRE (JM 1982)
                ALEXANDER T. COLEMAN (AC 1717)
                MICHAEL J. BORRELLI (MB 8533)

16